UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BELL HELICOPTER TEXTRON INC.,

    Plaintiff,

    v.

AIRBUS HELICOPTERS,

    Defendant.

Civil Action No. 10-0789 (RLW)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Airbus Helicopters' Bill of Costs for expenses related to the hearing on Airbus' request for a permanent injunction, which took place from October 20 through October 22, 2014. After reviewing the parties' papers and relevant legal authorities, the Court concludes that Airbus is not the prevailing party in this case, and that even if it were, the Court would decline to award costs in light of the mixed nature of the judgment. The Court therefore denies Airbus' request for costs.

I. PREVAILING PARTY STATUS

"An award of costs . . . involves two separate inquires." *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010) (citing *Power Mosfet Techs., L.L.C. v. Siemens AG,* 378 F.3d 1396, 1407 (Fed. Cir. 2004)). "First, who is the 'prevailing party' within the meaning of Rule 54(d)(1)." *Id*. "Second, how much (if any) costs should be awarded to the prevailing party." *Id*.; *accord SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014). The decision of who is the prevailing party is controlled by Federal Circuit precedent. *Manildra Milling Corp. v. Ogilvie Mills, Inc*., 76 F.3d 1178, 1182 (Fed. Cir. 1996)).

The Federal Circuit held in *Shum* that even if a judgment is mixed, there can be only one prevailing party in a case. 629 F.3d at 1366-67. Thus, a court does not make a prevailing party determination on a claim-by-claim basis, but rather with a view toward the entire case. The prevailing party must have received some relief on the merits, and that relief must have "materially alter[ed] the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." *Id.* at 1367 (internal quotation marks omitted). Where both parties obtained relief, a court examines the relief received respectively by each party. *Id.* at 1368.

There were several contested issues in this case: (i) whether the Modified Gear infringed the patent; (ii) whether Airbus was entitled to damages for past infringement by the Modified Gear, the Original Gear, or both; and (iii) whether Airbus was entitled to an injunction based on any infringement. Bell Helicopters prevailed on the first and second issues, while Airbus prevailed on the third. *See* Aug. 15, 2014 Opinion and Order (Dkt. Nos. 104, 105); Sept. 23, 2014 Tr. at 78:6–89:24 (Dkt. No. 159); Oct. 1, 2010 Order (Dkt. No. 169); Jan. 22, 2015 Opinion and Order (Dkt. Nos. 209, 210). The Court's rulings in this case therefore do not lend themselves to a straightforward determination of prevailing party status.

After carefully considering the relief received by each party, the Court concludes that, to the extent that a prevailing party determination can be made, Bell is entitled to that status as it obtained greater benefit from the Court's rulings on the contested issues in this case. Because the Modified Gear is the gear currently used by Bell, the Court's declaratory judgment with respect to that gear significantly affected the parties' legal relationship in Bell's favor. While Airbus did obtain a benefit flowing from the Court's injunction against any future use of the Original Gear by Bell, a balancing of these benefits tips towards Bell. Bell had previously

ceased use of the Original Gear, so while the injunction marginally benefitted Airbus, it nonetheless did not "modify [Bell's] behavior." *Shum*, 629 F.3d at 1367. In addition, it is undisputed that Airbus did not prevail on the question of damages; to the contrary, the Court's rulings established that Bell was not obligated to compensate Airbus for any past infringement. The Court therefore concludes that Airbus is not the prevailing party in this suit and cannot be awarded costs.

## II.  DISCRETIONARY AWARD OF COSTS

In the alternative, even if Airbus could be considered the prevailing party, the Court finds that it would be appropriate to deny costs in light of the highly mixed nature of the judgment. A prevailing party is not automatically entitled to costs. *SSL Servs., LLC*, 769 F.3d at 1087. "Depending on the extent and nature of the prevailing party's victory, it may be proper for the trial court to award only low costs or no costs at all." *Shum,* 629 F.3d at 1367 n.8 (citing *Farrar v. Hobby,* 506 U.S. 103, 115 (1992); *Manildra Mill.*, 76 F.3d at 1183). The amount of the cost award, if any, is controlled by D.C. Circuit precedent. *See Manildra Mill.*, 76 F.3d at 1184.

Although Rule 54(d) of the Federal Rules of Civil Procedure imposes a presumption in favor of awarding costs to the prevailing party, *Moore v. Nat'l Ass'n of Sec. Dealers, Inc.*, 762 F.2d 1093, 1107-08 (D.C. Cir. 1985), the mixed nature of the judgment here provides grounds for requiring each party to bear its own costs. *See C & E Servs., Inc. v. Ashland Inc.*, 601 F. Supp. 2d 262, 280 (D.D.C. 2009) (declining to award costs in a mixed judgment case, without deciding who was the prevailing party, on the ground that the parties were "nearly in equipoise"). Indeed, although it appears that the D.C. Circuit has not considered the practice, several circuits have approved of district courts declining to award costs when each side has prevailed in nearly equal degree. *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234-35

(10th Cir. 2001); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000) (finding no abuse of discretion when a district court refuses to award costs because neither party prevailed overall in the suit); *Testa v. Village of Mundelein,* 89 F.3d 443, 446 (7th Cir. 1996) (requiring each party to bear its own costs where plaintiff prevailed on one claim and defendant prevailed on another); *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, . . . it is within the discretion of a district court to require each party to bear its own costs."). Given the near-parity of each party's relative success in this case, the denial of a cost award to Airbus is appropriate.[1]

      For the foregoing reasons, it is hereby

      ORDERED that Airbus Helicopters' request for costs, Dkt. No. 213, is DENIED.

      SO ORDERED.

Date:

ROBERT L. WILKINS
United States Circuit Judge
(Sitting by designation in the United States
District Court for the District of Columbia)

---

[1] Bell opposed Airbus' motion, but did not itself seek costs.